# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESMOND HANKERSON,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:10-2185 |
| v. | : | (KOSIK, D.J.)<br>(MANNION, M.J.) |
| **B.A. BLEDSOE,** | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION[1]

On October 25, 2010, the petitioner, an inmate at the Federal Prison Camp at Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No.1). After having been directed to do so, (Doc. No. 6), on January 3, 2011, the petitioner submitted the appropriate filing fee, (Doc. No. 7). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as made applicable to §2241 actions by Rule 1 thereof.

Petitioner, who was convicted in the United States District Court for the District of New Jersey on June 6, 2005, and sentenced to 121 months of incarceration with five years of supervised release for distribution and possession with intent to distribute heroin in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B), brings the instant action challenging the denial of his request for a nearer release transfer for family ties and vocational training.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

According to the petition, the petitioner arrived at the Federal Prison Camp at Lewisburg on April 23, 2008, and upon arrival, requested to be placed closer to home in South Carolina. The petitioner was told he would have to be at Lewisburg for a period of eighteen months with clear conduct before he could put in for a transfer. The petitioner subsequently requested a near release transfer to Maxwell Air Force Base Camp basing his request on family and vocational training needs. The petitioner was told that he had been put in for a transfer on December 17, 2009. However, on January 20, 2010, his transfer was denied due to population management concerns. The petitioner was told that he would be re-evaluated for a transfer in December of 2010. Despite the denial of his transfer, the petitioner alleges that other inmates, who have been at Lewisburg less time than he has, have been transferred to the institution he requested.

A federal prisoner may use a petition for habeas corpus to challenge the "fact or duration" of his confinement, [Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973)](). Such challenges include challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits. [Muhammad v. Close, 540 U.S. 749 (2004)]() and [Edwards v. Balisok, 520 U.S. 641 (1997)](). Moreover, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, [Forman v. Bureau of Prisons, 2010 WL 3881415]() (D.N.J.) (citing

2

Graham v. Broglin, 922 F.2d 379 (7th Cir.1991); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer)).

A petition for writ of habeas corpus is also an appropriate way for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under §2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

In the instant action, the petitioner seeks to be transferred to another facility for family and vocational training purposes. Such "garden-variety" transfers are not cognizable in habeas. See Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882 (3d Cir. 2007). As such, this court lacks jurisdiction, in habeas, to consider the instant petition.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 16, 2011
O:\shared\REPORTS\2010 Reports\10-2185-01.wpd