UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESMOND HANKERSON,<br><br>             Petitioner<br><br>    v.<br><br>B.A. BLEDSOE,<br><br>             Respondent. | Civil No. 3:10-CV-2185<br><br>(Judge Kosik)<br><br>**FILED**<br>**SCRANTON**<br><br>APR 1 5 2011<br><br>PER _____<br>      DEPUTY CLERK |

**ORDER**

AND NOW, this __15__ day of April, 2011, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Desmond Hankerson[1], an inmate at the Federal Prison Camp at Lewisburg, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and a Memorandum of Law in support of his Petition for Writ of Habeas Corpus (Doc. 3) on October 25, 2010.

(2) In the Petition, Petitioner challenges the denial of his request for a near release transfer for family ties and vocational training. (Doc. 1).

(3) He claims that he was told that after serving 18 months, with good conduct, he would be eligible to request a near release transfer from the Lewisburg Camp. He subsequently requested a transfer to Maxwell Air Force Base Camp. (Doc. 3 at 4).

(4) His request for a near release transfer had been denied due to population management concerns, and Petitioner alleges he received no documentation confirming this. (Doc. 3 at 4). Petitioner further alleges that he has "witnessed other inmates similarly situated being transferred to the institution that Petitioner requested a transfer to that have been at Camp Lewisburg less time than Petitioner." (Doc. 3 at 4).

(5) The case was referred to Magistrate Judge Malachy E. Mannion.

---

[1] Petitioner was convicted in the United States District Court for the District of New Jersey on June 6, 2005, and sentenced to 121 months of incarceration with five years of supervised release for distribution and possession with intent to distribute heroin.

(6) The Magistrate Judge issued a Report and Recommendation on March 16, 2011, recommending that Petitioner's Petition for Writ of Habeas Corpus be dismissed because Petitioner seeks relief, i.e. a "garden variety" transfer for family and vocational reasons, not available through a habeas corpus action. (Doc. 10).

(7) On April 5, 2011, Petitioner filed Objections to the March 16, 2011 Report and Recommendation of the Magistrate Judge. (Doc. 11). He feels he is being denied the "right" to post release education. (Doc. 11 at 2). Petitioner requests that we "intervene on the behalf of Petitioner [and] order the Federal Bureau of Prisons to produce documentation that is required by federal law and their own Policy Statements as to the reasons that Petitioner is being denied a Transfer to obtain the Vocational Training he needs to be a productive member of society upon release from incarceration." (Doc. 11 at 3).

(8) When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

(9) A federal prisoner may use a petition for writ of habeas corpus to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498099 (1973). When a prisoner seeks a "quantum change" in the level of custody he is receiving,

       habeas corpus actions are appropriate. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005).

(10) In this Habeas Corpus action, Petitioner seeks to be transferred to another facility for family and vocational training purposes. (Doc. 1). As stated by the Magistrate Judge, we agree that "such 'garden variety' transfers are not cognizable in habeas." (Doc. 10 at 3); see Ganim v. Federal Bureau of Prisons, 235 Fed. App'x 882 (3d Cir. 2007).

(11) It is well-established that a prisoner possesses no liberty interest in a particular custody level or place of confinement. See Olim v. Wakinekona, 461 U.S. 238 (1983); see Moody v. Daggett, 429 U.S. 78 (1976); see Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, we lack jurisdiction to consider Petitioner's request as a habeas corpus action, and the Petition (Doc. 1) will be dismissed.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The March 16, 2011 Report and Recommendation of the Magistrate Judge (Doc. 10) is ADOPTED;

(2) Petitioner's Objections to the Report and Recommendation are OVERRULED;

(3) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED; and

(4) The Clerk of Court is directed to CLOSE this case, and FORWARD a copy of this Order to the Magistrate Judge.

                                                                _/s/ Edwin M. Kosik_
                                                            Edwin M. Kosik
                                                           United States District Judge